IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>ANGELO BONACCI JR.,<br><br>             Defendant. | **8:15CR229**<br><br>**ORDER** |

This matter is before the Court on the request of the defendant seeking compassionate release. Filing No. 45. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). However, defendant has failed to inform the Court of his attempts, if any, to exhaust his administrative remedies with the prison system. In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Under the law, it matters not that the COVID-19 pandemic creates a great health risk to many prisoners. Administrative exhaustion under the Act is a jurisdictional prerequisite to this Court making a decision as to compassionate relief.[1] Because the

---

[1] *See* e.g., *United States v. Heath,* CR-13-102-SLP, 2020 WL 1957916, at *1 (W.D. Okla. Apr. 23, 2020) (the Court stated it had no authority to waive the exhaustion requirement as it is a statutory requirement); *See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement."); *United States v. Bell*, No. 16-20008-02-DDC, 2020 WL 1923086 at *2 (D. Kan. Apr. 21, 2020) (court lacked jurisdiction over

defendant has failed to either (1) inform the Court that he has complied with the exhaustion requirements, or (2) supplied the Court with the appropriate documentation, the Court cannot currently act on this motion. The Court will stay this case for 60 days. Once the exhaustion requirement is met, the Court will lift the stay and reconsider this motion. If the defendant fails to file this information with the Court within the 60 days, the Court will deny the motion. In the interim, the Court will appoint the Federal Public Defender's Office to oversee this case. Likewise, the Court will order the United States Probation office to review a home detention placement as outlined in the defendant's motion and will order the government to file its response.

**THEREFORE, IT IS ORDERED THAT**:

1. Defendant's motion for compassionate release, Filing No. 45, is stayed;

2. Defendant has 60 days from the date of this Order to file proof of exhaustion with the prison system as discussed herein, and failure to do so will result in dismissal of his motion;

---

defendant's motion for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic due to failure to exhaust administrative remedies; *United States v. Gonzalez*, No. 18-cr-00130-PAB, 2020 WL 1905071 at *2-3 (D. Colo. Apr. 17, 2020) (the judiciary lacks "power to craft an exception" to § 3582(c)(1)(A)'s exhaustion requirement and because defendant's motion failed to indicate warden had responded to administrative request or that 30 days had lapsed from the warden's receipt of such request, motion had to be dismissed for lack of jurisdiction); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773 at *1 (D. Colo. Apr. 3, 2020) (finding court lacked jurisdiction over the defendant's request for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic where he did not satisfy exhaustion requirement);"While courts do have some flexibility to disregard exhaustion requirements when they are judicially imposed," "statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced." *United States v. Roberts*, 2020 WL 1700032 *1-2 (S.D.N.Y. April 8, 2020); *United States v. Cox,* 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); the Third Circuit Court of Appeals has held that § 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *U.S.A. v. Gillis,* 14-CR-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020).

3. The Public Defender's office, Dave Stickman, is appointed to represent the defendant and is ordered to file a brief within 60 days, or within 14 days after defendant files his proof of exhaustion, whichever occurs first;

4. The United States Attorney's office, Joseph Kelly, is ordered to review the defendant's motion.  Once the defendant files proof of exhaustion, the government shall have 14 days hereafter to file a responsive brief; and

5. The United States Probation Office, Doug Steensma, is ordered to review the defendant's motion and gather BOP records within 30 days.  Once the Defendant files proof of exhaustion, Probation will have 14 days hereafter to submit a final investigative report.

Dated this 10th day of September, 2020.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Senior United States District Judge